## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,

*Plaintiff,*

vs.

Case No. 24-CV-4100-EFM-GEB

A. VOSS,

*Defendant.*

## MEMORANDUM AND ORDER

Proceeding pro se, Plaintiff Marjorie Creamer brought this lawsuit against Defendant A. Voss, a Kansas Highway Patrol Officer, alleging that he improperly executed a traffic stop that resulted in the termination of Plaintiff's drivers' license. Upon screening Plaintiff's Amended Complaint and Supplement, Magistrate Judge Birzer issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. On April 16, 2025, the Court issued an Order and Judgment adopting Magistrate Judge Birzer's R&R in its entirety and dismissing the case.

This matter comes before the Court on Plaintiff's "Show of Cause Reopen & Reconsideration," which the Court construes as a motion to reopen the case and for reconsideration. As best the Court can tell, Plaintiff asks the Court to reconsider its dismissal of her case and to require Defendant to respond to written interrogatories concerning her traffic stop.

Nothing in Plaintiff's Motion warrants reconsideration of the dismissal of the case. Because Plaintiff filed her Motion within 28 days after the entry of the Court's Order dismissing the case, the Court will treat her Motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).[1] A motion to alter or amend judgment under Rule 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[2] The moving party must establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Reconsideration of a judgment is an extraordinary remedy, and courts should grant it sparingly.[4]

Plaintiff offers no argument as to how the Court has misapprehended the facts, her position, or the controlling law. She therefore fails to meet the exacting standard required for this Court to alter or amend its April 16, 2025 Order and Judgment. The Court's ruling stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen and for Reconsideration (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of June, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[2] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[3] *Servants of the Paraclete*, 204 F.3d at 1012.

[4] *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (citation omitted).